IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY WHITE, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) )   CIVIL ACTION NO. 2:21-CV-830-WKW-CSC |
| PATRICE RICHIE JONES, *et al.*, | )   [WO] ) ) |
|    Defendants. | ) |

**ORDER**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on December 20, 2021, in this court. He alleges constitutional violations occurring while he was housed at Bullock Correctional Facility. (Doc. 1). The Plaintiff has not submitted the $350 filing fee and $52 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor has he submitted an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Thus, the pleadings filed by Plaintiff fail to provide the Court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of a filing fee in this cause of action. In addition, absent either pre-payment of the requisite fees or granting of *in forma pauperis* status, this case cannot continue before this Court. Accordingly, it is

ORDERED that by **January 18, 2022,** Plaintiff shall file either the $402.00 filing and administrative fees or an affidavit in support of a motion for leave to proceed in forma pauperis accompanied by relevant financial information from the inmate account clerk.[1]

To aid Plaintiff in complying with this order, the CLERK is DIRECTED to furnish him with a copy of the form affidavit used by persons seeking to proceed in forma pauperis before this Court. Plaintiff is advised it is his responsibility to seek the necessary financial information from the inmate account clerk. Plaintiff is cautioned that if he fails to comply with this Order the Magistrate Judge will recommend this case be dismissed.

Plaintiff must immediately inform the Court and Defendants or Defendants' counsel of any change in his address, i.e., if Plaintiff is transferred to a new correctional institution or released from confinement he must, **at the time his address has changed**, file a notice of the change in his address. For various administrative reasons, it is improper to change a party's address of record to reflect a potential future address. Failure to provide a correct address to this Court within ten days following any change of address will result in dismissal of this action.

DONE, this 3rd day of January 2022.

　　　　　　　　　　　　　　　　 /s/ Charles S. Coody　　　　　　　　
　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion for IFP status should be accompanied by a prison account statement from the account clerk at the institution where he is presently detained which shows the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this Complaint and the average monthly deposits to his account during the past six months.