IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:21-CV-830-WKW-CSC |
| | ) | [WO] |
| PATRICE RICHIE JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama. While incarcerated at Bullock the Plaintiff alleges that he has been deprived of adequate calories and his food has been served cold. Specifically, he claims that on December 7, 2021 in the Bullock dining room "I received (2) two hotdogs and a spoon of mac and cheese. No veg. No dessert. And surely not enough calories for an adult." Doc. 1 at pp. 2-3. Plaintiff claims that this alleged deprivation violated his Eighth Amendment right to be free from cruel and unusual punishment. For relief, Plaintiff requests adequate food and damages against Defendants for the stress he has suffered from weight loss. Doc. 1 at p. 4. Upon review, the court finds this matter is due to be dismissed prior to service under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Prison officials have a duty under the Eighth Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care."[2] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff asserts a violation of his Eighth Amendment rights claiming Defendants acted with deliberate indifference by depriving him of adequate calories. The court concludes that Plaintiff's allegation, even if granted an opportunity to amend, entitles him to no relief.

To demonstrate an Eighth Amendment violation regarding conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. Under the "objective" inquiry, a prisoner must allege a condition sufficiently serious to amount to the denial of a basic human need. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (citations and quotations omitted); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). The condition must be extreme and pose an unreasonable risk of serious damage to the prisoner's future health or safety. *Id.* Restrictive or even harsh conditions alone do not rise to the level of an Eighth Amendment violation. *Id.* Under the "subjective" inquiry, the prisoner must allege the official acted with at least deliberate indifference. *Farmer,* 511 U.S. at 834.

---

[2] The Eighth Amendment applies to convicted inmates, not pretrial detainees. A pretrial detainee's "constitutional rights arise not from the Eighth Amendment, but from the Due Process Clause of the Fourteenth Amendment." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995). It is unclear from the complaint whether Plaintiff was a pretrial detainee or a convicted prisoner at the time the incident about which he complains occurred. Resolving Plaintiff's status for the time period in question is not necessary, however, because "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh v. Butler County*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). This analysis, therefore, refers only to the Eighth Amendment. *See, e.g., Purcell v. Toombs County*, 400 F.3d 1313, 1318, n. 13 (11th Cir. 2005).

"The Constitution requires that prisoners be provided 'reasonably adequate food.'" *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1986) (citation and quotation marks omitted). A well-balanced meal of enough nutritional value to preserve health satisfies this requirement. *Id*. "The fact that food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id*. (citation and quotation marks omitted).

Plaintiff's claim regarding a single instance of cold food and lack of calories is not severe enough to rise to the level of a constitutional violation. *See Bennett v. Misner*, 2004 WL 2091473 *20 (D. Or. 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation."). As explained, the objective component of an Eighth Amendment claim requires Plaintiff to show that the condition about which he complains was so extreme as to deprive him of the "'minimal civilized measure of life's necessities.'" *Chandler*, 379 F.3d at 1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). His assertion regarding inadequate and cold food served at Bullock on a single occasion on December 7, 2021 does not meet this high standard. Specifically, his allegation that "I received (2) two hotdogs and a spoon of mac and cheese. No veg. No dessert . . ." fails on its face to state a constitutional deprivation. Because Plaintiff's Eighth Amendment conditions of confinement claim against Defendants fails to assert a deprivation which rises to the level of a constitutional violation, it is subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before February 2, 2022**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of January 2022.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE